**MOLDEX, INC., Appellant
(Petitioner Below),**

v.

**OGDEN HEALTH PRODUCTS, a
Limited Partnership, Appellee
(Plaintiff Below),**

and

**Ogden Engineering Corporation,
Appellee (Defendant Below).**

No. 4–485A103.

Court of Appeals of Indiana,
Fourth District.

Feb. 24, 1986.

Rehearing Denied April 10, 1986.

Timothy J. Walsh, Edward N. Kalamaros & Assoc., South Bend, for appellant.

Lester F. Murphy, Murphy, McAtee, Murphy & Costanza, East Chicago, for appellee.

YOUNG, Presiding Judge.

Moldex, Incorporated, petitioned to intervene in a breach of warranty action brought by Ogden Health Products against Ogden Engineering Corporation over defective goods. The trial court denied Moldex's petition, proceeded to trial, and awarded judgment in favor of Odgen Health Products. Moldex now appeals, claiming the trial court erred by:

    1) denying its petition to intervene; and

    2) scheduling a hearing to review the denial on a date subsequent to trial and final judgment.

We affirm.

Moldex sold oriented nylon to Ogden Engineering (Ogden) which thereafter resold it to Ogden Health Products (OHP). OHP dyed the nylon according to Moldex's directions and incorporated it into belt material. This belt material was installed on treadmill equipment which OHP manufactures. The belts shrank, thereby damaging or destroying 1621 motorized treadmills sold to consumers. Moldex was apprised of the problem in December 1983, whereupon Moldex gave new directions for drying the belts after dyeing. The new drying method failed to remedy the problem. OHP then ceased using the nylon and made a claim against Ogden. On January 30, 1984, Ogden sent written notice and demand to Moldex regarding the defective nylon. Moldex replied by filing suit against Ogden on February 17, 1984 in a Connecticut state court to recover the balance of the purchase price of the nylon. Ogden counterclaimed for $500,000.

Meanwhile back in Indiana, OHP filed suit against Ogden on November 19, 1984, seeking recovery for damages suffered due to the defective nylon. Ogden "vouched-in" Moldex on December 7, 1984, seeking indemnification for the defective nylon pursuant to the provisions of the Uniform Commercial Code, IND. CODE 26–1–2–607. Ogden kept Moldex informed of the progress of the Indiana litigation, repeatedly requesting Moldex to assume or assist in Ogden's defense. Ogden notified Moldex of the trial date of March 14, 1985, noting that it was unlikely the trial court would grant a continuance. Moldex made no response until two weeks before the trial date, when it filed a petition to intervene in the suit. The trial court denied the petition on March 7, 1985, finding it was untimely filed.

After denial of the petition, Moldex refused to tell the court or the parties whether it would accept the vouching-in notice and assist in Ogden's defense. On the eve

of trial, Moldex petitioned the court to reconsider its petition to intervene or alternatively to certify an appeal. The trial court set the hearing date on the motion for March 21, and proceeded to trial as scheduled. Moldex now appeals.

An explanation of the U.C.C. vouching-in procedure is necessary to place Moldex's contention in perspective. Indiana adopted U.C.C. § 2–607 without change. As codified in IC 26–1–2–607(5), it provides as follows:

> Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over .
>
> (a) he may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the two (2) litigations, then unless the seller after seasonable receipt of the notice does come in and defend he is so bound.

The vouching-in device is a simple and expedient way for sellers of defective goods who claim indemnity 'from their suppliers to avoid the necessity of relitigating the issues of liability to the buyer in the first suit. *See* 1B *J. Moore, Moore's Federal Practice* 0.405[9] (2d ed. 1976). Although voucher does not alleviate the necessity of a second lawsuit, it binds the voucher to any determination of fact common to the two litigations. *Uniroyal, Inc. v. Chambers Gasket & Mfg. Co.* (1978), 177 Ind.App. 508, 380 N.E.2d 571. Thus, Moldex and Ogden would be bound by a determination of the product's defectiveness in a subsequent lawsuit, if it is determined that Ogden properly vouched-in Moldex to the litigation.

In view of the res judicata effect of the vouching-in procedure on the issue of defectiveness, Moldex argues it was entitled to intervene as of right and the trial court erred in denying its petition to intervene.

Ind.Rules of Procedure, Trial Rule 24(A)(2) establishes a right to intervene when: 1) the applicant claims an interest relating to the property which is the subject matter of the action; 2) the applicant is so situated that the disposition of the action may impair or impede his ability to protect that interest; and 3) his interest is not adequately represented by existing parties. In addition, the rule requires such motions be timely filed. T.R. 24(A); *see also Llewellyn v. Beasley* (1981), Ind.App., 415 N.E.2d 789.

■ The trial court found that Moldex's petition to intervene was untimely since it was filed only two weeks before trial, although Moldex had been aware of the pending litigation for at least three months. Moldex claims the denial of its petition was error.

The requirement of timeliness in intervention is flexible, depending upon the facts of each case. *Bryant v. Lake County Trust Co.* (1975), 166 Ind.App. 92, 334 N.E.2d 730. As a result, the determination of the timeliness of a petition to intervene is largely left to the discretion of the trial court. *Id.; see also NAACP v. New York* (1973), 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648. Thus, we may reverse the trial court's decision only if it is clearly against the logic and effect of the facts and circumstances before the court or the reasonable and probable inferences to be drawn therefrom. *Developmental Disabilities Residential Facilities Council v. Metropolitan Development Commission of Marion County* (1983), Ind.App., 455 N.E.2d 960.

In this case Moldex was aware of the litigation between Ogden and OHP from its inception. Moreover, Moldex was informed of the progress of the litigation and was repeatedly asked to assist Ogden in its defense. Nevertheless, Moldex consistently refused to take any action until two weeks before trial, when it filed a petition to intervene. In considering the timeliness of Moldex's petition the trial court may consider the length of time during which

the proposed intervenor knew about his interest in the suit without taking action. *See Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir.), *cert. denied* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). Here, the trial court could reasonably have determined that Moldex's belated effort to intervene would unfairly delay the trial and would prejudice the parties. Moreover, despite the denial of intervention, Moldex was still free to enter the action between Ogden and OHP via the vouching-in procedure, which it failed to do. Moldex cannot now complain that its interest has been prejudiced after choosing not to accept the vouching-in procedure by assisting Ogden in its defense. The trial court did not abuse its discretion in denying Moldex's petition to intervene.

■ Moldex also argues the trial court committed error by scheduling a hearing on Moldex's motion to reconsider its petition to intervene for a date *after* the Ogden-OHP trial.

Trial Rule 24(C) states that a "court's determination upon a motion to intervene shall be interlocutory for all purposes unless made final under Trial Rule 54(B)." Additionally, T.R. 53.4(A) provides that a hearing is not required on a motion to reconsider. Furthermore, T.R. 53.4(B) provides that unless such a motion is ruled upon within five days, it shall be deemed denied. Finally, Appellate Rule 4(B)(6)(c) provides that an appeal of an interlocutory order shall not stay proceedings in the trial court unless the trial court judge or the court on appeal shall order.

Moldex did not file its motion to reconsider until the day before trial. Moldex was not entitled to stay the proceedings while it perfected its appeal of the denial of intervention and the trial court did not err in granting a hearing on the motion to reconsider scheduled subsequent to the trial.

The trial court's judgment is affirmed.

MILLER and CONOVER, JJ., concur.